Michael J. Allison (SBN 155211)
mjalaw@usa.com
Jason J. Allison (SBN 217322)
jason@jasonallisonlaw.com
Law Office of Jason J Allison
821 Park View Ct
Duarte CA 91010-2211
phone (626) 673-4983 fax (626) 628-3377

**Attorneys for Plaintiff,
Cousins Maine Lobster, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| COUSINS MAINE LOBSTER, LLC;<br><br>Plaintiff,<br><br>v.<br><br>WICKED MAINE LOBSTER, LLC;<br>ERIC A. HOWARD;<br>ALEXANDER J. HOWARD;<br>LINDA HOWARD; and<br>DOES 1 THROUGH 20,<br><br>Defendants | CASE NO.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br><br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cousins Maine Lobster, LLC ("CML,") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## **INTRODUCTION**

1. CML was formed in 2012 as a commercial restaurant truck serving fresh seafood from Maine. CML encountered immediate success and garnered nationwide attention and acclaim by appearing on the television show, "The Shark Tank" wherein CML's partners were successfully able to sell a portion of its

1

1 company to one of the Shark Tank investors.  After the show had aired, CML
2 became wildly successful and currently operates in a number of cities across the
3 country.
4        2.     CML's success is greatly due to its uniqueness, quality of food
5 products, quality of service, backstory, and use of social media – including use its
6 own website where it offers food items freshly delivered from Maine to consumers
7 door within 24 hours and numerous television appearance on shows such as
8 "Beyond the Tank," "Food Truck Wars" and "Good Morning America."  CML's
9 general practice when opening a truck in a new city is to appear on numerous local
10 television shows to discuss their history, products and the new CML food truck.
11 CML has also invested significant assets in constructing its website and marketing
12 its brand.  The website hosts many original photographs of food items offered by
13 CML; these photographs have been registered with the United States Copyright
14 Office.  The website also is of original design and contains original content and
15 writings.  The sum of these efforts has made CML a nationally-recognized brand for
16 offering fresh, top-quality Maine food products to consumers all over the United
17 States.
18        3.     Evidently seeking to duplicate CML's success, the  Defendants,
19 actually duplicated CML by operating a competing "Maine Lobster" business that
20 offers similar food items, bears a similar name, operates a website that mimics
21 CML's down to simply using the same backstory, but with different names inserted,
22 and using CML's photographs (or, where photographs depict people, switching out
23 CML's photographs for photographs of themselves in similar settings and depictions
24 as the CML photographs.)  The defendants intentionally sought to capitalize on
25 CML's work by misappropriating and copying it for their own business purposes.
26        4.     This case concerns an instance where Defendants  stole at least two
27 images used, owned, and registered by CML, and published them on their own site –
28 a competing business operating in the same location as CML (namely San Diego,

Orange, and Los Angeles Counties.)

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b.)

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred; three of the defendants also reside in this district.

## PARTIES

8. At all times herein relevant, Plaintiff, Cousins Maine Lobster, LLC ("CML") is a limited liability company organized and existing under the laws of the State of California which conducts business throughout California, and specifically in the County of Los Angeles, where it is headquartered.

9. Defendant Wicked Maine Lobster, LLC ("WML") is a limited liability company which conducts business throughout Southern California in Los Angeles, Orange, Riverside, and San Diego Counties and is headquartered in San Diego, California.

10. Defendant Eric A. Howard is an individual residing in San Diego, California.

11. Defendant Alexander J. Howard is an individual residing in San Diego, California.

12. Defendant Linda Howard is an individual residing in Saco, Maine.

## CLAIMS RELATED TO PLAINTIFF'S PROPERTY

13. Plaintiff owns 10 photographs hosted on its website depicting various items it offers to consumers. These photographs are registered with the United

States Copyright Office under Registration Number VAu 1-221-800.  These photographs were registered before the infringement at issue.

14.   The Defendants published and hosted on their own website under the name "Wicked Maine Lobster" two unauthorized copies of Plaintiff's photographs: one of "Whoopie Pies" and the other of "Lobster Tacos" (the "Subject Photographs.")  WML was also offering a complete duplicate of CML's menu of items for sale to the general public in and around areas in which CML operate – and using the Subject Photographs for such purposes.

15.   In addition to using the misappropriated Subject Photographs, WML's website was almost an exact copy of CML's website ("CML Website Content,") including backstory, similar photographs (depicting the same items shown on CML's website,) and an "online ordering option."  Further, although CML offers online ordering to its clients at all times relevant, WML did not so offer, but nevertheless its copy of CML's site was so complete that it still had the online ordering option layout present.  The only material changes WML made to CML's website before hosting it as their own was to change the names of the principals and use photographs of themselves in place of CML principals.  Otherwise, the WML's website was substantially a duplicate.

16.   Without CML's authorization, Defendants posted, hosted, displayed, and distributed images that are identical, or substantially similar to the Subject Photographs and CML Website Content for the purpose of operating a competing business.

17.   The Defendants had a meeting wherein they each discussed opening a business by copying CML – a business which is owned and operated by individuals that resided in a neighboring community to Defendants in Maine, and which had come to national prominence due to its association with "The Shark Tank" and related national promotions and media coverage.  At said meeting, which took place around the kitchen table of Linda Howard, the Defendants resolved to copy CML

from top-to-bottom by appropriating CML's Web Content, its photographs (including the Subject Photographs,) its backstory, menu and other items (including the "online ordering" feature of CML's website.) The Defendants also agreed that it was important to give the operation a three-word name (like CML,) with "Maine Lobster" as the last two words to make their operation appear similar to CML. The Defendants reached an agreement to carry forth that plan and they did so – down to uncovering and then using CML's primary seafood provider with whom CML had an exclusivity agreement.

18. True and correct representations of the Subject Photographs and the corresponding photographs from the WML website are set forth below:

**SUBJECT PHOTOGRAPHS:**




/ / /

/ / /

/ / /

**INFRINGING USE**






**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against Wicked Maine Lobster, LLC;
Eric A. Howard; Alexander J. Howard; Linda Howard; and Does 1 through 20)

19. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. Each Defendant has access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs and CML Website Content on Plaintiff's website. Plaintiff further alleges that the identical nature of the copying establishes access.

21. Each Defendant used and distributed images that were unauthorized copies of the Subject Photographs, and CML Website Content, and exploited said images for their own commercial use in promoting and operating a competing business by hosting the Subject Photographs on the WML website as well as constructing and hosting a mirror website to the CML website containing CML Website Content.

22. Each Defendant infringed on Plaintiff's rights by copying the Subject Photographs and CML Website Content without Plaintiff's authorization or consent.

23. Due to each Defendants' acts of infringement Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to each Defendants' acts of copyright infringement as alleged herein, each Defendant has obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs and CML Website Content. The preceding allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. As such, Plaintiff is entitled to disgorgement of each Defendant's profits directly and indirectly attributable to that Defendant's infringement of Plaintiff rights in the Subject Photographs and CML Website Content, in an amount to be established at trial.

25. Each Defendant, has committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject each Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election

between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against Wicked Maine Lobster, LLC; Eric A. Howard; Alexander J. Howard; Linda Howard; and Does 1 through 20)

26. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27. Each Defendant knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs and CML Website Content.

28. Each Defendant is vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. The allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

29. By reason of each Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to established at trial.

30. Due to each Defendant's conduct as alleged herein, each Defendant has obtained direct and indirect profits that Defendants would not otherwise have realized but for the Defendant's infringement of Plaintiff's rights in the Subject Photographs and CML Website Content. The preceding allegations in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. As such, Plaintiff is entitled to disgorgement of each Defendant's profits directly and indirectly attributable to Defendants'

infringement of Plaintiff's rights in the Subject Photographs and CML Website Content in an amount to be established at trial.

31. Each Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subject the Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows against Defendants as follows:

<u>With Respect to Each Claim for Relief:</u>

a. That each Defendant, as well as that Defendant's employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs and CML Website Content, including without limitation an order requiring each Defendant to remove any content incorporating, in whole or in part, the Subject Photographs and CML Website Content, from any print, web, or other publication owned, operated, or controlled by the Defendant.

b. That Plaintiff be awarded all profits of each Defendant plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants through their infringement of Plaintiff's intellectual property rights;

    d.    That Plaintiff be awarded its attorney's fees as available under the Copyright Act U.S.C. § 101 et seq.;

    e.    That Plaintiff be awarded its costs and fees under the above statutes;

    f.    That Plaintiff be awarded statutory and enhanced damages under the statute set forth above;

    g.    That Plaintiff be awarded pre-judgment interest as allowed by law;

    h.    That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## Demand for Jury Trial

Plaintiff demands a jury trial on all issues so triable, pursuant to Fed. R. Civ. P. 38.

Dated : June 1, 2016                 Law Office of Jason J Allison

                                            By:  /s/ Michael J. Allison
                                                  Michael J. Allison
                                                  Attorneys for Cousins Maine Lobster, LLC